IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLOY WHEEL REPAIR SPECIALISTS, INC., : :  Plaintiff, : : v. : CONNIE SANDERS, *et al.*, : Defendants. : | CIVIL ACTION NO. 1:10-CV-4078-RWS |

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [2] and Defendants' Motion for Protective Order [27]. After a review of the record, the Court enters the following order.

<u>A. Motion to Dismiss</u>

As an initial matter, Defendants' Motion to Dismiss [2] is **MOOT**. Plaintiff filed an Amended Complaint after removal. Dkt. No. [5]. Thus, Plaintiff's original Complaint, which Defendants' motion addresses, is no longer controlling.

B. Motion for Protective Order

Defendants have filed a motion for protective order to prevent the Plaintiff from "requiring the production of or using the [previously] requested documents from the Non-Parties." Dkt. No. [27-1] at 7. On January 31, 2011, without prior notice, Plaintiff executed and sent subpoenas *duces tecum* to various non-parties in Texas. Dkt. No. [32] at 2. On February 7, 2011, following receipt of the non-parties' Affidavits of Service, Plaintiff filed Notice of Service upon the non-parties to the Defendants. Dkt. No. [22]. Defendants then objected via email on February 9, 2011. Dkt. No. [32-2] at 1.

Following a telephonic conference on February 10, 2011, Defense counsel wrote an email in which he stated that any previously served subpoenas "must be withdrawn" but for any in which service had not be perfected, Defendants only needed "the requisite notice." Dkt. No. [32-3]. Plaintiff's counsel then responded the next day that he had "called off serving further subpoenas" and would be "cancelling/withdrawing the subpoenas and reissuing the same for another date." Dkt. No. [32-4]. The e-mail went on to state that his "assistant [was] drafting explanatory letters re: cancellation/withdrawal of emails, and revised subpoenas." Id. On February 11, 2011 and February 15,

2011, Plaintiff served Defendants with notice of re-issued subpoenas and subsequently served the non-parties with the withdrawal explanation letters and subpoenas. Dkt. Nos. [24, 26]; Dkt. No. [32] at 5.

Defendants move this court to protect these non-parties from Plaintiff's "abusive litigation tactics." Namely, Defendants allege that Plaintiff has improperly requested this discovery from non-parties before serving the Defendants and is clearly only proceeding in this manner to harass the Defendants' customers. As well, for any information Plaintiff received by virtue of the initial subpoenas prior to withdrawal, Defendants want this discovery excluded.

The Court does not find merit in Defendants' request. First, the Federal Rules do not state that a litigant must first seek discovery from a party before a non-party. FED. R. CIV. P. 26(d)(2)(A) (stating that the methods of discovery may be used in any sequence). Second, the confusion which occurred here only happened because the Plaintiff was attempting to correct an error pointed out by Defendants. While the Court recognizes the initial subpoenas were improper, the Court does not find that the Plaintiff intentionally withheld notice from the Defendants. Rather, the Court finds Plaintiff's efforts here were designed to

3

correct a mistake. And, the Plaintiff put the Defendants on notice that it would reissue the subpoenas–not just withdraw them.

Defendants have also received copies of all documents which were produced via the improper subpoenas. See Dkt. No. [34-4]. And, the Defendants are not the proper parties to object to the scope of a non-party subpoena, even assuming there was such a problem. Florida v. Jones Chemicals, Inc., No. 90-875-CIV-J-10, 1993 W.L. 388645, at *2 (M.D. Fla. March 4, 1993) ("Generally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash. Unless a party can demonstrate a personal right or privilege with respect to the subject matter of the [discovery], the party to the action lacks standing to halt the [discovery]."). Thus, the Court does not find that the Defendants were unduly prejudiced or a protective order is warranted in this case. Defendants' Motion [27] is **DENIED**.

**SO ORDERED** this   16th   day of June, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)